FILED / ENTERED    RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

MAR – 5 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                                    DEPUTY

DANIEL G. BOGDEN
United States Attorney
J. GREGORY DAMM
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Room 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| Plaintiff, | )<br>) 2:09-CR-77- JCM - (RJJ)<br>) |
| vs | )<br>) PLEA MEMORANDUM |
| JAN ALAN LINDSEY, | )<br>) |
| Defendant. | )<br>) |

The United States, by and through Daniel G. Bogden, United States Attorney, J. Gregory Damm, Assistant United States Attorney, and defendant JAN ALAN LINDSEY and defendant's attorney, Shari Kaufman, Assistant Federal Public Defender, submit this plea memorandum.

## I.

## PLEA AGREEMENT

The United States and defendant have reached the following plea agreement, which is not binding on the court.

A.    The Plea

The defendant will plead guilty to Count One of the Indictment charging defendant with evasion of payment of taxes owed to the United States, in violation of Title 26, United States Code, Section 7201.

B.    Additional Charges

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant or his wife, Marsha Lindsey, arising out of the investigation of the charges contained in the Indictment herein, which concerned the defendant's evasion of payment of taxes owed to the United States from approximately 1999 through 2006. However, this agreement does not foreclose prosecution for an act of murder, attempted murder, an act of physical violence against the person of another, or any conspiracy to commit any such act of violent unlawful activity.

C.    Sentencing Guideline Calculations

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1.    Defendant's plea to Count One results in a total offense level of 16, and is calculated as follows:

a.    The Base Offense Level is 16 (USSG §2T1.1(a)(1) and USSG §2T4.1(F)).

2.    Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

3.    Under USSG §3E1.1(b), the United States will, in its sole discretion, make a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing if defendant

1    timely notifies the United States of defendant's intention to plead guilty, thereby permitting the United

2    States to avoid preparing for trial and allowing for the efficient allocation of resources.

3         4.    Defendant agrees that the court may consider any counts dismissed under this

4    agreement, along with all other relevant conduct whether charged or uncharged, in determining the

5    applicable sentencing guidelines range, the propriety and extent of any departure from that range, and

6    the determination of the sentence to be imposed after consideration of the sentencing guidelines and

7    all other relevant factors.

8         5.    Defendant's Criminal History Category will be determined by the Court.

9    D.   Other Sentencing Matters

10        1.    The United States reserves the right to argue for any sentence within the applicable

11   guideline range as determined by the Court. The defendant retains the right to argue for a downward

12   departure from the applicable guideline range as determined by the court and any reasonable sentence

13   under 18 U.S.C. § 3553. If the defendant requests a sentence below the applicable guideline range, the

14   United States reserves the right to argue against any downward departure or sentence below the

15   applicable guideline range.

16        2.    The parties agree that the Guideline calculations are based on information now known

17   and could change upon investigation by the United States Probation Office. It is possible that factors

18   unknown or unforeseen by the parties to the plea agreement may be considered in determining the

19   offense level, specific offense characteristics, and other related factors. In that event, defendant will

20   not withdraw defendant's plea of guilty.

21        3.    The stipulations in this agreement do not bind either the United States Probation Office

22   or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying

23   relevant information to the United States Probation Office and the court, and (b) correct any and all

24   factual misstatements relating to the calculation of the sentence.

25

26

3

E.   Fines and Special Assessment

    1.   Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

    2.   Defendant will pay the special assessment of $100 for his count of conviction at the time of sentencing.

F.   Restitution

Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court.  In return for defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct.  Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

G.   Waiver of Appeal

In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives: 1) the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court; 2) the right to appeal the manner in which that  sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742; 3) the right to appeal any other aspect of the conviction or sentence, including any order of restitution; and 4) the right to bring any collateral attack against his conviction or sentence, except for a claim of ineffective assistance of counsel. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range based on the offense level predicted by the parties in section C above and the defendant's criminal history category as determined by the court.

Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in paragraph C are consistent with the facts of this case.

4

H.   Additional Promises, Agreements, and Conditions

1.      In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.      The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and not will be entered into unless in writing and signed by all parties.

I.   Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

**II.**

**PENALTY**

1.      The maximum penalty for each violation of Title 26, United States Code, Section 7201 is not more than 5 years imprisonment, a fine of not more than $250,000, or both.

2.      Defendant is subject to supervised release for a term of not more than three years. Supervised release is a period of time following imprisonment during which defendant will be subject

5

1   to various restrictions and requirements. Defendant understands that if defendant violates one or more

2   of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

3   of the term of supervised release, which could result in defendant serving a total term of imprisonment

4   greater than the statutory maximum stated above.

5         3.     Defendant must pay a special assessment of $100 for each count of conviction.

6         4.     Defendant is required to pay for the costs of imprisonment, probation, and supervised

7   release, unless defendant establishes that defendant does not have the ability to pay such costs, in

8   which case the court may impose an alternative sanction such as community service.

9   **III.**

10  **ELEMENTS**

11        1.     The elements of proof for a violation of *evasion of payment of taxes owed to the United*

12  *States*, in violation of Title 26, United States Code, Section 7201, are the following:

13       First, the defendant owed federal income tax, interest and penalties for the calendar years 1999

14  through 2002 to the United States;

15       Second, the defendant knew that more federal income tax, interest and penalties was owed than

16  what defendant had paid to the United States;

17       Third, the defendant made an affirmative attempt to evade or defeat the payment of income

18  tax, interest and penalties owed to the United States; and,

19       Fourth, in attempting to evade or defeat the payment of such income tax, interest and penalties,

20  the defendant acted willfully.

21  **IV.**

22  **FACTS THAT SUPPORT GUILTY PLEA**

23        1.     The defendant is pleading guilty because the defendant is guilty of the charged offense.

24        2.     In pleading to the offense, the defendant acknowledges that if the defendant elected to

25  go to trial instead of entering this plea, the United States could prove facts sufficient to establish the

26  defendant's guilt beyond a reasonable doubt.

6

3.    The defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4.    Defendant Lindsey was an FBI agent for 26 years. After retiring from the FBI in 1995, he began to work as a contractor for the FBI performing background investigations. Lindsey served as an FBI contractor until 2005. He receives retirement payments that are associated with his FBI service.

5.    Prior to 1999, defendant Lindsey timely filed tax returns with the Internal Revenue Service. Beginning in 1999, Lindsey started using illegal tax avoidance methods to file his and his wife's joint Federal Income Tax Returns. In 1999, defendant Lindsey filed a 1040X amended return that requested a refund of the entire amount of his and his wife's withholdings, claiming they were not liable for the taxes withheld. In 2000, defendant Lindsey filed a "zero" Federal Income Tax Return along with a three page document that stated why he and his wife were not liable for income taxes. Based on defendant Lindsey's failure to file accurate returns, the IRS filed Substitute for Returns which were filed Married Filing Separately for Jan and Marsha Lindsey for the years 1999, 2000, 2001, 2002. On or about July 7, 2004, and December 27, 2006, Jan and Marsha Lindsey challenged, via the U.S. Tax Court, the Substitutes for Return assessments. In all cases, the U.S. Tax Court ruled against Jan and Marsha Lindsey and stated they owed the taxes plus interest and penalties. defendant Lindsey has recently filed a number of returns for the years 1999-2007. However, all these returns contained false deductions and understated income.

6.    Defendant Lindsey has an unpaid liability for the 1999-2002 tax years of approximately $109,193.98 for unpaid amounts of tax only, without penalties and interest. Those assessments were made pursuant to decisions that were entered by the United States Tax Court for 1999, 2001 and 2002 and an unchallenged IRS notice of deficiency for 2000.

7.    Lindsey committed affirmative acts to evade payment of that liability that include placing assets in nominee names, presenting or recording fraudulent documents in an attempt to obtain lien and levy releases on his property, filing false returns after liabilities were assessed in an attempt

1    to reduce or eliminate his unpaid liability and presenting frivolous financial or negotiable instruments

2    to the Department of the Treasury in claimed payment of his outstanding tax liability.

3                                                    **V.**

4                                    **ACKNOWLEDGMENT**

5         1.       Defendant, acknowledges by defendant's signature below that defendant has read this

6    Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual

7    basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that

8    the matters set forth in this memorandum, including the facts set forth in Part IV above are true and

9    correct.

10        2.       Defendant acknowledges that defendant has been advised, and understands, that by

11   entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant

12   by law and by the Constitution of the United States.  Specifically, defendant is giving up:

13               a.       The right to proceed to trial by jury on the original charges, or to a trial by a

14   judge if defendant and the United States both agree;

15               b.       The right to confront the witnesses against defendant at such a trial, and to

16   cross-examine them;

17               c.       The right to remain silent at such trial, with such silence not to be used against

18   defendant in any way;

19               d.       The right, should defendant so choose, to testify in defendant's own behalf at

20   such a trial;

21               e.       The right to compel witnesses to appear at such a trial and to testify in

22   defendant's behalf; and

23               f.       The right to have the assistance of an attorney at all stages of such proceedings.

24        3.       Defendant, defendant's attorney, and the attorney for the United States acknowledge

25   that this Plea Memorandum contains the entire agreement negotiated and agreed to by

26

8

1   and between the parties, and that no other promise has been made or implied by either defendant,

2   defendant's attorney, or the attorney for the United States.

3

4                                          DANIEL G. BOGDEN
                                           United States Attorney

5

6   3-5-2010
    DATED                                  J. GREGORY DAMM
7                                          Assistant United States Attorney

8

9   3, 5, 2010
    DATED                                  JAN ALAN LINDSEY, Defendant

10

11

12   DATED                                 SHARI KAUFMAN
                                           Assistant Federal Public Defender
13                                         Counsel for Defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    9