FRANNY A. FORSMAN
Federal Public Defender
State Bar No. 000014
SHARI L. KAUFMAN
Assistant Federal Public Defender
State Bar No. 004461
411 E. Bonneville Avenue, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577 (Voice)
(702) 388-6261 (Fax)

Attorneys for Jan Alan Lindsey

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>JAN ALAN LINDSEY,<br><br>             Defendant. | 2:09-cr-077-JCM-PAL<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

CERTIFICATION: This Memorandum is timely filed.

      COMES NOW the defendant, JAN ALAN LINDSEY ("Mr. Lindsey"), by and through his counsel, Shari L. Kaufman, Assistant Federal Public Defender, and hereby submits this Sentencing Memorandum in connection with his sentencing presently scheduled for Friday, July 23, 2010 at 10:30 a.m. Mr. Lindsey reserves the right to supplement this memorandum at the time of sentencing.

      DATED this 16th day of July, 2010.

                                              FRANNY A. FORSMAN
                                              Federal Public Defender

                                              */s/ Shari L. Kaufman*
                              By: _____
                                              SHARI L. KAUFMAN
                                              Assistant Federal Public Defender

**SENTENCING MEMORANDUM**

The Supreme Court, in <u>United States v. Booker</u>, 543 U.S. 220 (2005), after determining that the mandatory nature of the Sentencing Guidelines was unconstitutional, held that district courts should still consider the Guideline range, but must also give weight to the additional directives set forth in 18 U.S.C. § 3553(a). In turn, 18 U.S.C. § 3553(a) requires courts to, "impose a sentence sufficient, but not greater then necessary" to comply with the purposes of sentencing. This language, often referred to as the "parsimony provision" is not merely another factor for the court to consider under § 3553(a); rather, it sets an independent limit on the sentence a court may impose. Given <u>Booker</u>, this "parsimony provision" means that if a guideline sentence is longer than necessary, the court must impose a non-Guideline sentence. According to 18 U.S.C. § 3553(a)(2), the factors that must be considered are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). In addition, this statute further directs sentencing courts to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the sentencing range as calculated in Sentencing Guidelines; Sentencing Guidelines policy statements; the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. <u>Id</u>.

The directives of <u>Booker</u> make it clear that courts may no longer uncritically apply the Sentencing Guidelines without contemporaneously considering the other factors detailed under 18 U.S.C. § 3553(a). Recently, the Court shed further light on the advisory nature of the sentencing guidelines by stating "the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007).

. . .

In considering how the various statutory factors apply to an individual defendant, a sentencing court "may not presume that the Guidelines range is reasonable." Id. at 596-97, accord United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008), Nelson v. United States, 129 U.S. 890, 892 (2009)(per curiam). While the court must respectfully consider the Guidelines, "they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." Carty, 520 F.3d at 991 (citations omitted). Thus, the sentencing court must make an individualized assessment based on the facts presented in each defendant's case. Id.

Here, the facts present in this case indicate a below-guidelines sentence is appropriate. All of these factors indicate that a sentence of not more than probation is sufficient but not greater than necessary to comply with the purposes of the sentencing guidelines. By filing this memorandum, Mr. Lindsey is not attempting to make excuses for his criminal conduct. To the contrary, he accepts full responsibility for his actions. In addition to telling his story, so this Court may appropriately sentence him, Mr.Lindsey hopes to convey his remorse and regret for his unlawful actions.

Jan Lindsey was born in 1943 to a working class family in Henderson, Texas. He was the oldest of three children. His father was an oil field roust-a-bout and his mother was a homemaker and a hairstylist. He attended high school in Texas where he excelled both academically and in sports. He attended Texas A&M University and graduated in 1965 with a bachelor's degree in Finance. Simply put, Mr. Lindsey has always been a driven and hard working individual who has achieved all that he attempted.

Jan Lindsey served in the United States Army from 1966 through 1968. He served a tour in Vietnam and earned a silver star, a bronze star and two purple hearts. After his discharge from the military, Jan Lindsey was employed as a special agent of the Federal Bureau of Investigation. He was assigned to various units within the FBI, most notably the organized crime unit, a drug enforcement administration task force and an OCDETF task force. He retired from the FBI in 1995. Jan Lindsey served this country in both the military and law enforcement capacities. It is clear that he was someone who commanded respect and deserved respect, from individuals he worked with and society at large.

1     It may well be that his retirement from the FBI, and the attendant lack of recognition
2 and respect which led him to commit the instant offense.  When Mr. Lindsey left the FBI, he was a
3 relatively young man of 52.  He moved to las Vegas and began his life anew.   Society at large and
4 individuals he met no longer saw him as someone who held an important job.  His wife began to
5 rise through the ranks of the Enron corporation, and became the primary breadwinner of the
6 household.  While proud of his wife, Jan began to feel somewhat depressed.  It was during this time
7 that he became acquainted with, and involved with, a group of individuals who persuaded Mr.
8 Lindsey that the payment of Federal Taxes was not mandated.

9     It is easy to paint with a broad brush and conclude that Jan Lindsey could not have
10 been duped into buying the mantra of tax protestors.  This, however, is exactly what occurred.  Jan
11 Lindsey was looking for a place where he would be important again.  He found himself important
12 among people who had a far different agenda than those with whom he  had previously associated.
13 Jan Lindsey began to believe the rhetoric of these individuals.  His belief has cost him much, his
14 marriage, his status in society and potentially his freedom.

15     Jan Lindsey has lost most of what he has achieved in his life.  He is currently having
16 significant problems in his marriage stemming from the filing of tax returns in such a way that
17 exposed his wife to potential criminal liability and significant civil liability.  He is no longer able to
18 vote, or exercise other significant rights of other non felons.  Perhaps most significantly, he is no
19 longer able to own, shoot  or possess firearms, something which he has done since he was a teenager
20 growing up in Texas.

21     Jan Lindsey is 67 years old.  He has lost everything that he has worked for his entire
22 life.  He accepts responsibility for what he has done, and will be paying for his conduct both
23 financially and emotionally for the forseeable future.  His conduct in this case was motivated not by
24 greed, or by malice, but rather a genuine held belief that what he was doing was legal and correct.
25 Mr. Lindsey clearly understands now, after treatment by therapists and taking medication for a
26 significant period of time after his arrest, that his beliefs in others and the views they espoused were
27 misplaced.
28 . . .

18 U.S.C. § 3553, lists the criteria the court should consider in determining the appropriate penalty for Mr. Lindsey. There is no doubt, that Mr Lindsey is not likely to re-offend, so there is no need to protect the community from Mr. Lindsey's actions. Mr. Lindsey at 67 years old is a college graduate, former officer in the military and former FBI agent. There is nothing available to him in the Bureau of Prisons that will provide him with any necessary educational or vocational training. Mr. Lindsey, is not likely to commit any additional offenses, so incarcerating him is not necessary for deterrence. While not negating the seriousness of Tax related offenses, this type of offense is not such that a felony conviction, with a sentence of probation is not sufficient to promote respect for the law and provide just punishment.

It is important to note, that due to Mr. Lindsey's prior employment as an Agent of the Federal Bureau of Investigation, it is likely that if any incarceration is imposed by this court, there is significant potential for danger. In order to safeguard Mr. Lindsey, he will likely be placed in a much more secure environment with significant restrictions then is necessary for an individual on a tax offense. His conditions of incarceration would be much harsher than others charged with similar offenses. Defendant would respectfully request this court based on the defendant's age, lifetime of good works, low risk for recidivism, and acceptance of responsibility sentence Mr. Lindsey to a sentence of probation. Such sentence is consistent with the mandates of 18 U.S.C. § 3553.

**CONCLUSION**

Based upon the above and foregoing, Mr.Lindsey respectfully requests that this Court, considering Ninth Circuit case law, the guidelines, and all sentencing factors under 18 U.S.C. § 3553(a), sentence him to a term of probation. Mr.Lindsey submits that this sentence is sufficient but not greater than necessary to comply with the purposes of the sentencing guidelines.

DATED this 16th day of July, 2010.

Respectfully submitted,

FRANNY A. FORSMAN
Federal Public Defender

*/s/ Shari L. Kaufman*
By:_____
SHARI L. KAUFMAN
Assistant Federal Public Defender

5

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that I am an employee of the Law Offices of the Federal Public Defender for the District of Nevada and am a person of such age and discretion as to be competent to serve papers.

That on July 16, 2010, I served an electronic copy of the above and foregoing **DEFENDANT'S SENTENCING MEMORANDUM,** by electronic service (ECF) to the person named below:

DANIEL G. BOGDEN
United States Attorney
ERIC JOHNSON
Assistant Federal Public defender
J. GREGORY DAMM
Assistant United States Attorneys
333 Las Vegas Blvd. So., 5th Floor
Las Vegas, Nevada 89101

Via Email Transmission:

UNITED STATES PROBATION
WENDY BECKNER
United States Probation Officer

/s/ Blanca Lenzi
An Employee of the Federal Public Defender