**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

JAN ALAN LINDSEY,

Defendant(s).

2:09-CR-77 JCM (PAL)

**ORDER**

Presently before the court is the motion to vacate under 28 U.S.C. § 2255 by pro se petitioner Jan Alan Lindsey. (Doc. # 38). The government filed a response in opposition. (Doc. # 41). In reply, petitioner filed a motion to construe the initial motion as a petition for a writ of error *coram nobis*. (Docs. ## 45 & 46). The government filed a motion to dismiss the petition, (doc. # 51), and petitioner filed a reply, (doc. # 52).

**I. Background**

On March 3, 2009, a federal grand jury issued an indictment charging Lindsey with five counts of tax evasion under 26 U.S.C. §7201. (Doc. # 1). Approximately one year later, petitioner entered into a plea agreement by which he pled guilty to count one of the indictment. (Doc. # 30). The plea agreement provided that petitioner would "make full restitution in an amount to be determined by the [c]ourt, which [petitioner] agrees shall include all relevant conduct as determined by the [c]ourt." *Id*. at 3.

. . .

As part of his plea agreement, petitioner waived "the right to bring any collateral attack against his conviction or sentence, except for a claim of ineffective assistance of counsel." *Id.* at 4. On July 23, 2010, the court sentenced petitioner to five years of probation and ordered restitution in the amount of $109,193.98. (Doc. # 36).

Petitioner's initial motion requested relief pursuant to 28 U.S.C. § 2255. In this motion, petitioner alleged that he received ineffective assistance of counsel because he agreed to the plea with the understanding that any restitution amount "would be ordered as additional taxes by the court, not as a non-tax federal debt, a criminal monetary penalty." (Doc. # 38 p. 4:8-11).

In its response, the government contended that the § 2255 motion was time-barred because it was not filed until after the one-year limitations period required by 28 U.S.C. § 2255(f)(1). (Doc. # 41). Secondly, the government argued that § 2255 does not provide jurisdiction to collaterally challenge an order of restitution. *Id.*

In his response, petitioner conceded that his motion for relief under § 2255 should be denied, and moved that the court construe his motion as a writ of error *coram nobis*. (Docs. ## 45 & 46). In this motion, petitioner requested the following relief:

> A. The nature and character of the restitution be modified and redefined as taxes owed to IRS as a Tax debt in an amended order.
>
> B. That there is a stipulation in the order for defendant to adhere to the IRS requirements in paying the tax debts.
>
> C. That all monies paid to the court heretofore be credited to the defendants' tax debts owing.
>
> D. That when modified, the restriction, in PLEA AGREEMENT of defendants' waiving right to consider and possibly file bankruptcy to discharge overwhelming tax debt, is removed by stipulating by affirmation in the amended order.
>
> E. That defendant is afforded early termination of probation as defendant has served approximately three years of the court's five year sentence without incident, in full compliance of all rules and restrictions and has religiously adhered to IRS requirements of paying monthly negotiated tax payments on back taxes as well as being and remaining current on all IRS tax obligations.

*Id.*

James C. Mahan
U.S. District Judge

**II. Legal Standard**

"The *coram nobis* writ allows a court to vacate its judgments 'for errors of fact ... in those cases where the errors are of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (citing *United States v. Mayer,* 235 U.S. 55, 69 (1914)). To warrant *coram nobis* relief, a defendant "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing *Hirabayashi*, 828 F.2d at 604). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id*. (citing *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991)).

**III. Discussion**

The outcome of the instant motions can be determined merely by looking to the fourth element of the *Matus-Leva* test. In this case, petitioner asserts that there was a miscommunication or misunderstanding regarding whether the restitution amount constituted a "criminal penalty" or a non-criminal tax debt. Notably, petitioner does not challenge the amount of restitution that was assigned, but merely challenges the means by which he is required to pay it back.

It is difficult to imagine how the defendant, while pleading guilty to a felony charge of tax evasion, thought that the restitution amount would be of the same character as an ordinary tax debt. It is true that petitioner's intentional failure to pay taxes lead to the requirement that he pay restitution, but it is unclear why petitioner thought this criminal act would merit anything other than a criminal penalty.

Petitioner claims he was mislead by a statement within the "facts supporting guilty plea" section of his plea agreement. In relevant part, this statement reads "[d]efendant Lindsey has an unpaid liability for the 1999-2002 tax years of approximately $109,193.98 for unpaid amount of tax only without penalties and interest." The fact that Lindsey now cites this statement as a source of confusion is baffling, as it does not claim to speak to the character of a penalty to be imposed, but

merely serves as part of the narrative of Lindsey's crime.

Additionally, while petitioner does point to three phrases in the presentence investigation report mentioning that his actions caused a "tax loss" to the government,[1] petitioner's conclusion that his restitution would be of a non-criminal character certainly does not follow. Petitioner also recounts that his counsel repeatedly informed him that he would have to pay approximately $109,000 in "additional taxes." However, it does not appear that his attorney gave any false impression that this amount would not be considered a criminal penalty.

Therefore, petitioner has failed to meet his burden to show that there was any error in the assistance provided by his counsel or in the judgment of the court. Furthermore, even if he was misled as to whether his restitution would take the form of a "criminal penalty" or would merely be a non-criminal tax debt, such a minor nuance would not qualify as a "fundamental error" in the proceeding. Accordingly, the court finds that there was no "error of a fundamental character," and will grant the government's motion to deny the writ of error *coram nobis*.[2]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that petitioner's motion to vacate under 28 U.S.C. § 2255 (doc. # 38) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to construe his prior motion as a petition for a writ of error *coram nobis* (doc. # 46) be, and the same hereby is, GRANTED .

. . .

. . .

---

[1] (1) ". . . the defendant is responsible for an actual tax loss of $109,193.98 . . . ."
(2) "The government suffered a loss of $109,193.98(tax only)"
(3) ". . . should be ordered as restitution payable to the Internal Revenue Service and a special condition for the Internal Revenue Service compliance will be recommended to assure that the defendant addresses this financial obligation."
(Doc. # 38, pp. 13-14).

[2] Though the instant motion will be denied, it is important to clarify that the restitution order should not serve to doubly-punish petitioner for the tax loss he caused through his crime. Indeed, the government officers who administer the restitution order should coordinate their efforts to ensure that he is not being required to pay multiple agencies based on the same debt.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that the government's motion to dismiss petitioner's writ of error *coram nobis* (doc. # 51) be, and the same hereby is, GRANTED.

DATED January 15, 2014.

**UNITED STATES DISTRICT JUDGE**